**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-7461**

_____

MICHAEL OWENS,

                                   Petitioner - Appellant,

      versus

ANTHONY PADULA, Warden, Lee Correctional
Institution; JON OZMINT; HENRY MCMASTER,
Attorney General of the State of South
Carolina,

                                   Respondents - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston. G. Ross Anderson, Jr., District
Judge. (2:06-cv-00639-GRA)

_____

Submitted: March 21, 2008           Decided: April 7, 2008

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Michael Owens, Appellant Pro Se. Derrick K. McFarland, SOUTH
CAROLINA BUDGET AND CONTROL BOARD, Columbia, South Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Owens seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion. Because that motion directly attacked his conviction, the district court was without jurisdiction to consider the motion, which was, in essence, a successive and unauthorized 28 U.S.C. § 2254 (2000) petition. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003)

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Owens has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Owens' notice of appeal and informal brief as an application to file a second or successive

petition under 28 U.S.C. § 2254. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Owens' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>